IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dale Burns, et al.,                               Case No. 3:06 CV 748

        Plaintiffs,                  MEMORANDUM OPINION

    -vs-                                  JUDGE JACK ZOUHARY

Prudential Securities, Inc., et al.,

        Defendants.

This is a class action lawsuit alleging breach of fiduciary duty and other state law claims against a stockbroker, Jeffrey Pickett, and his employer, Prudential Securities, Inc. The case was tried in the Common Pleas Court of Marion County. The jury returned a verdict for the Burns and other class action plaintiffs (Burns, collectively).

Pending are Prudential's Motions to Remove the case to federal court and to Dismiss the action under the Securities Litigation Uniform Standards Act (SLUSA), 15 U.S.C. §78bb(f)(1) and (2), as well as Burns' Motion for Remand.

Prudential characterizes this lawsuit as a federal securities class action masquerading as a state-law case, and claims Plaintiffs' purpose is to avoid federal jurisdiction where this kind of action was intended to be brought. Prudential argues that a recent U.S. Supreme Court decision, *Merrill Lynch v. Dabit*, 126 S. Ct. 1503, 1514 (March 21, 2006), effectively prevents Burns from perpetuating such a ruse, thereby justifying the removal and dismissal of this case.

Burns contends its state-law class action is not now, and never has been, a federal securities class action and asks that the case be remanded to state court where the case is awaiting a decision from the State Court of Appeals.

**FACTUAL BACKGROUND**

Plaintiffs are a class of Prudential clients whose accounts were managed by Pickett, a broker employed in Prudential's Marion, Ohio branch office. At the time Plaintiffs established their accounts, each entered into a contract for brokerage services with Prudential. The brokerage contracts specified that Plaintiffs would make investment decisions with regard to their accounts, and that Prudential could not sell, purchase, or otherwise trade account assets without Plaintiffs' consent.

In October 1998, Pickett, on his own and without authorization from Plaintiffs, sold a substantial majority of the stock and assets in Plaintiffs' accounts. Because these sales took place without Plaintiffs' consent, they claim that the sales violated their brokerage contracts. (Pickett did so because he feared the market was about to crash. Instead, the market continued to perform well.)

On September 10, 1999, Plaintiffs sued Pickett and Prudential in the Court of Common Pleas of Marion County, Ohio, alleging four state law causes of action, including breach of fiduciary duties and conversion.

Prudential removed the case to federal court. Removal was based on the presumed applicability of SLUSA, which amended the Securities Exchange Act of 1934 and provided for the removal of "covered class actions" based on state law claims alleging either a "misrepresentation or omission of a material fact" or use of "any manipulative device or contrivance" in connection with the purchase or sale of a covered security. 15 U.S.C. §§ 78bb(f)(1) and (2).

Following that removal, Burns sought remand on the basis that their claims were for state law violations, and did not state a cause of action under SLUSA. Because the Complaint only contained allegations of unauthorized trading coupled with a later cover-up attempt, as opposed to allegations that Prudential misrepresented material facts or used a deceptive contrivance, remand was ordered. *Burns v. Prudential Securities*, 116 F. Supp.2d 917, 924 (N.D. Ohio 2000).

Two years later, when the case was on the eve of trial in state court, Prudential attempted to remove -- and thereby ultimately dismiss -- the case again. Plaintiffs again sought to remand. The District Court held that Prudential's Motion to Remove was timely under 28 U.S.C. §1446(b), but that the class action suit continued to assert only claims of state law, as opposed to federal securities law violations, and that remand was warranted. *Burns v. Prudential Securities, Inc.*, 218 F. Supp. 2d 911, 917 (N.D. Ohio 2002).

The state court trial proceeded, and the jury awarded Plaintiffs $11 million in compensatory damages and $250 million in punitive damages. Prudential is appealing that outcome in state court system where its appeal has been briefed and argued. Prudential filed this -- its third Motion for Removal -- on March 31, 2006 alleging that *Dabit* warrants the removal and mandates a dismissal.

## DISCUSSION

### SLUSA: Preclusion and Removal

The Private Securities Litigation Reform Act of 1995 (Reform Act) placed limits on federal securities class actions. *Merrill Lynch v. Dabit*, 126 S. Ct. 1503, 1510 (2006). However, to get around those limitations, Plaintiffs began to bring securities class actions in state court. *Id.* at 1511. To prevent Plaintiffs from circumventing the Reform Act's limitations, Congress in 1998 passed SLUSA. *Id.* at 1510-12.

3

SLUSA accomplishes its goal by precluding covered securities class actions and allowing for removal of certain kinds of state claims. The preclusion section of SLUSA provides that private state-law covered class actions alleging untruth or manipulation in connection with the purchase or sale of a security may not be maintained in any state or federal court. 15 U.S.C. §77p(b). SLUSA authorizes removal to federal district court of any covered class action brought in state court involving a covered security. 15 U.S.C. §77p(c).

Thus, if a plaintiff seeks to avoid the preclusive effect of SLUSA by bringing a securities class action in state court, SLUSA's removal provision enables a defendant to remove the case to federal court. Once removed, the district court would subsequently dismiss the class action suit as required by SLUSA preclusion.

## **Removal**

### **The Necessity of Meeting §1446's Procedural Requirements**

Removal is generally governed by 28 U.S.C. §1441 *et seq*. A defendant can only remove state-court actions that originally could have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff can file a case in federal court if it falls within the ambit of federal jurisdiction, which is created by either diversity of citizenship or a federal question. *Id*. Federal courts must read removal statutes narrowly to avoid infringing on the independence of state courts. *Long v. Bando Mfg. of Amer., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

Removal is disfavored in the late stages of litigation. *Gordon v. Buntrock*, 2005 U.S. Dist. LEXIS 57, * (N.D. Ill. 2005) ("The removal statute was not intended to provide a Defendant with an escape route to federal court on the eve of a judgment in state court."); *Zbranek v. Hofheinz*, 727 F. Supp. 324, 326 (E.D. Tex. 1989) ("[A] federal court is bound to consider the stage of the state court

4

litigation in ruling on a motion to remand."). A defendant's prior removal attempts are irrelevant to whether the present removal is timely because each attempt must comply with the procedural requirements of the removal statute. See, e.g., *Gordon*, 2005 U.S. Dist. LEXIS 57 at **9-10.

Under 28 U.S.C. §1446(b), a case that is not removable based on its initial pleading may be removed later if a motion to remove is filed within 30 days of a "motion, order or other paper" establishing federal jurisdiction. Burns argues that, for Prudential to remove this case, there must have been a triggering event -- a motion, order or other paper -- and Prudential must have filed for removal within 30 days of that triggering event.

Prudential, however, argues SLUSA's removal provisions (15 U.S.C. §§ 77p and 78bb) are "express and independent" bases for removal and therefore not subject to the normal procedural requirements of §1446(b). One district court in the Southern District of Illinois decided as much. *Kwaitkowski v. Templeton Growth Fund, Inc.*, 2005 U.S. Dist. LEXIS 41946 (S.D. Ill. 2005); *Bradfisch v. Templeton Funds, Inc.*, 2005 U.S. Dist. LEXIS 14500 (S.D. Ill. 2005) *affirmed by Bradfisch v. Templeton Funds, Inc.*, 2006 U.S. App. LEXIS 12394 (7th Cir. May 19, 2006.)

Prudential contends that if Congress wants the procedural limitations of §1446 to apply to other removal statutes it explicitly says as much in the respective statute. Thus, under Prudential's view, §1446's requirements do not apply to SLUSA because SLUSA makes no reference to them.

This Court disagrees. The default rule is that §1446 applies, absent specific language abrogating its procedural requirements. Burns shows that Prudential's argument is not well taken (Doc. 22 at 16) (examining numerous removal statutes and describing how courts have applied them).

Judge Carr properly analyzed the propriety of Prudential's previous removal attempts as if the procedural requirements of §1446 applied to SLUSA removals. *Burns*, 218 F. Supp. 2d at 914. Other

5

courts addressing the issue also have held that removal under SLUSA must conform with §1446's strictures. *Haag v. Webster*, 2006 U.S. Dist. LEXIS 41489, *304 (W.D. Mo. June 21, 2006); *Williams v. AFC Enters.*, 389 F.3d 1185, 1187-88 (11th Cir. 2004) (noting in a SLUSA removal case that the "legal requisites" of removal are found in §1446); *McPhatter v. Sweitzer*, 401 F. Supp. 2d 468, 472-73 (M.D.N.C. 2005); *Green v. Ameritrade, Inc.*, 120 F. Supp. 2d 795, 802 (D. Neb. 2000) *affirmed by* 279 F.3d 590 (8th Cir. 2002); *Desmond v. Bankamerica Corp.*, 120 F. Supp. 2d 1201, 1204 (N.D. Cal. 2000) (remanding case removed under SLUSA and noting that if a triggering event occurred, the defendant would have thirty days to remove again)*; Gordon v. Buntrock*, 2005 U.S. Dist. LEXIS 57, *9 (N.D. Ill. 2005); *Cent. Laborers' Pension Fund v. Chellgren*, 2004 U.S. Dist. LEXIS 6066, *15-21 (E.D. Ky. 2004)..

This is not surprising because courts analyzing the timeliness of removal under other removal statutes that do not mention any procedural restrictions generally have held that §1446's requirements apply. See, e.g., *Edwards v. Blue Cross/Blue Shield*, 2005 U.S. Dist. LEXIS 9981, *11 n.5 (N.D. Tex. 2005) (holding that §1446(b) governs timeliness for removing under the Federal Officer Removal Statute); In re *Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 346 (S.D.N.Y. 2005) (analyzing timeliness of §1442 removal under §1446); *State Farm Mut. Auto. Ins. Co. v. Baasch*, 644 F.2d 94, 96-97 (2d Cir. 1981) (same, except analyzing §1443 removal); *Thorp Finance Corp. v. Lehrer*, 587 F. Supp. 533, 534 (E.D. Wis. 1984) (same); *Zeigler v. Beers*, 412 F. Supp. 2d 746, 749-50 (N.D. Ohio 2005) (same, but with §1444); *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468, 473 (N.D. Ill. 1985) (holding that §1446's time limitation applies to §1452 because "§1446 governs procedure for removal generally and because §1452 is silent regarding time limitations").

6

Even more, the U.S. Supreme Court recently held that a district court's decision to remand a case that had been removed based on SLUSA was subject to §1447(d)'s bar on federal appellate review. *Kircher v. Putnam Trust Funds*, 2006 WL 1640102, *5 (June 15, 2006). *Kircher* provides further support that the general restrictions and procedures governing removals also apply to SLUSA removals.[1]

In summary, Burns is correct: The proper view is that the procedural requirements in §1446 apply to SLUSA removals. Unless a recognized "motion, order, or other paper" has occurred in the past thirty days, this removal is untimely.

---

[1]

The Supreme Court also held in *Kircher* that banning appellate review of district court remands was not onerous to class-action defendants because state courts also have jurisdiction to determine the scope of SLUSA's preemption. *Kircher*, 2006 WL 1640102, at *7. Such defendants, the Court stated, are free to raise preemption arguments -- whether based on the *Dabit* decision or statutory interpretation principles -- before state court judges. *Kircher*, 2006 WL 1640102, at *7-8. In the instant case, Prudential has raised SLUSA preemption in the state court action and is free to puruse this argument in the state appellate courts and, if necessary, the U.S. Supreme Court.

The *Kircher* decision casts even more doubt on the (already dubious) holdings of *Kwaitkowski v. Templeton Growth Fund, Inc.*, 2005 U.S. Dist. LEXIS 41946 (S.D. Ill. 2005) and *Bradfisch v. Templeton Funds, Inc.*, 2005 U.S. Dist. LEXIS 14500 (S.D. Ill. 2005), which held that SLUSA provides an independent basis of removal that is not subject to the general requirements for removals under § 1441 *et seq*.

**Motion, Order or Other Paper**

A court decision in an unrelated case does not constitute a "motion, order, or other paper" for §1446 purposes and does not, therefore, create a new 30-day period during which a defendant can remove a case.  See, e.g., *Anderson v. Bank of Amer.*, 2006 U.S. Dist. LEXIS 20098, *8-9 (N.D. Calif. 2006); *Elm v. Soo Line R.R.,* 2006 U.S. Dist. LEXIS 32632, *7-9 ( D. Minn. 2006); *G.M. Sign, Inc. v. Global Shop Solutions, Inc.*, 2006 U.S. Dist. LEXIS 29208,*9 n. 5 (N.D. Ill. 2006); *Black v. Brown & Williamson Tobacco Corp.*, 2006 U.S. Dist. LEXIS 26212, *19 (E.D. Mo. 2006);[2] In re *Pharm. Indus. Average Wholesale Price Litig.*, 2006 U.S. Dist. LEXIS 11753, *17-29 (D. Mass. 2006); *Wisconsin v. Abbott Labs.*, 390 F. Supp. 2d 815,824-25 (W.D. Wis. 2005); *Commonwealth v. Tap Pharm. Prods.*, 415 F. Supp. 2d 516 (E.D. Pa. 2005); *Allen v. Monsanto Co.*, 396 F. Supp.2d 728, 731-32 (S.D. W. Va. 2005);[3] *Ervin v. Stagecoach Moving & Storage, Inc.*, 2004 U.S. Dist. LEXIS 10403, *7 (N.D. Tex. 2004); *Morsani v Maior League Baseball*, 79 F. Supp. 2d 1331, 1333 (M.D. Fla. 1999); *Metropolitan Dade County v TCI TKR of S. Florida*, 936 F. Supp. 958, 959 (S.D. Fla. 1996); *Kocai v Chwsler Corp.*, 794 F. Supp. 234, 235-38 (E.D. Mich. 1992); *Lozano v. GPE Controls*, 859 F. Supp. 1036, 1038 (S.D. Tex. 1994); *Holiday v Travelers Ins, Co.*, 666 F. Supp. 1286, 1289-90

---

[2] "The plain language of the text, the legislative history relating to the provision, and the majority of cases dealing with this issue support the conclusion that an unrelated order in another case does not constitute an 'order or other paper.'" *Black v. Brown & Williamson Tobacco Corp.*, 2006 U.S. Dist. LEXIS 26212, *19 (E.D. Mo. 2006).

[3] "[C]ourts universally hold that a court decision in a separate, unrelated case does not constitute 'other paper' for removal purposes." *Allen v. Monsanto Co.*, 396 F. Supp. 2d 728, 731 (S.D. W.Va. 2005).

(W.D. Ark. 1987); *Sclafani v Ins. Co. of N. Amer.*, 671 F. Supp. 364, 365 (D.C. Md. 1987); *Growth Realty Cos. v Burnac Mortg. Investors, Ltd.*, 474 F. Supp. 991, 996 (D.C. Puerto Rico 1979).[4]

The only exception to this rule is if the two cases at issue involve the 1) same defendant, 2) similar facts, and 3) a court order for defendants to remove the other case. *Young v. Chubb Group of Ins. Co.*, 295 F. Supp. 2d 806, 808 (N.D. Ohio 2003). For purposes of determining whether a party was a plaintiff or defendant in a particular case, an amicus curiae is actually neither; it is not a party. See, e.g., *Pennsylvania v. Ritchie*, 480 U.S. 39, 77 n.2 (1987); *Clark v. Sandusky*, 205 F.2d 915, 917 (7th Cir. 1953); see also, Susan L. Thomas, 3B *Corpus Juris Secundum Amicus* §14 (explaining the limited role of amicus curie in litigation).

In *Young*, Judge Katz held that a decision in an unrelated case is an "order" for §1446(b) purposes only if the decision was "from a court superior in the same judicial hierarchy, directed at a particular defendant and expressly authorizing that same defendant to remove an action against it in another case involving similar facts and legal issues." *Id.* (citation omitted). In *Young,* a later Sixth Circuit decision was an "order" permitting removal because 1) the defendant was a party in both cases 2) that "involve[d] similar facts and legal issues regarding the removability" of the claims before the court, and 3) the later decision was an express "order" for the defendant to remove the claim. *Id.*

Because *Dabit* is an unrelated case, it is not a motion, order or other paper under §1446(b), unless the exception applies. The exception applied in *Young* is not applicable here.

---

[4] Not only does the case law strongly support this view, so does the wording of the statute, which states that "receipt by the defendant" of the order or paper creating the federal jurisdiction triggers the 30-day period for removal. §1446(b). A defendant would only "receive" an order or other paper if he or she was a party to the given case. For example, Prudential did not "receive" the *Dabit* decision. Any other reading of §1446(b), in my opinion, incorrectly stretches the reach of that statute beyond what was intended.

First, *Dabit* did not involve any of the parties in this litigation. Prudential mentioned during oral argument (on June 30, 2006) that it was a member of an association that filed an amicus curiae brief in *Dabit*. An amicus curiae, however, is not a party to an action. Thus, Prudential was not a defendant in *Dabit* by virtue of the brief written by an association of which it is a member.

Second, *Dabit* did not involve similar facts or allegations. This case concerns an unauthorized liquidation followed by Prudential's attempts to hide its actions from plaintiffs. *Dabit* concerned a defendant accused of "disseminating misleading research and thereby manipulating stock prices." *Dabit*, 2006 U.S. LEXIS 2497, at *2.

Third, *Dabit* was not an express order for the defendant to remove the case, but was a ruling on a motion to dismiss in an unrelated case. The exception applied in *Young*, therefore, does not authorize removal here.[5]

---

[5] Prudential cites *Smith v. Burroughs Corp.*, 670 F. Supp. 740, 741, (E.D. Mich. 1987) for the proposition that an unrelated case can qualify as an "order" for §1446 purposes. Burns correctly notes that *Smith*, which held that a decision of another court triggered a new thirty-day window for removal, is an aberration and has been thoroughly rejected. The citations and parentheticals from Burns's memoranda illustrate the extent to which *Smith*'s holding has been repudiated. (Doc. 4 at 6-7 (citing and quoting the following cases:*, Allen v. Monsanto Co.*, 2006 U.S. Dist. LEXIS 4204, *5-6 (S.D. W.Va. 2006) (criticizing a party for relying on *Smith* and awarding costs for removal, noting that "[t]o characterize that decision as a minority view does not adequately express the overwhelming disapproval of that case's legal principle"); *Kowi v. Chrysler Corp.*, 794 F. Supp. 234, 237 (E.D. Mich. 1992) ("*Smith* is unpersuasive. This Court has found no other case that follows the *Smith* decision."); *Morsani*, 79 F. Supp.2d 1331,1334 n.6 (M.D. Fla. 1999) (noting that a "compelling majority of courts" reject *Smith*); In re *Pharm. Indus. Averave Wholesale Price Litig.*, 2006 U.S. Dist. LEXIS 11753, *21 n.4 (D. Mass. 2006) (noting that "[f]ive years after Smith, a court in the same district found *Smith* to be unpersuasive"); *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466,1468 (C.D. Cal. 1989) (noting that *Smith* "seems to stand alone"); *Coman v. International Playtex, Inc.*, 713 F. Supp. 1324, 1327 (N.D. Cal. 1989) (same)).)

10

Ultimately, the cases Prudential cites in its effort to expand the concept of "order or other paper" are either easily distinguishable, see, e.g., *Doe v. American Red Cross*, 14 F.3d 196, 203 n.7 (3d Cir. 1993),[6] or unpersuasive. See, e.g., *supra,* Footnote 5 (discussing the *Smith* case). Therefore, remand is warranted and the Court declines to decide the issue of whether the holding of *Dabit* otherwise precludes this class action.

## CONCLUSION

It is therefore ordered that Prudential's Motions to Remove and Dismiss are denied, and Burns' Motion to Remand is granted.

IT IS SO ORDERED.

                         s/ *Jack Zouhary*
                         JACK ZOUHARY
                         U. S. DISTRICT JUDGE
                         July 10, 2006

---

There are other decisions that reach the same result as *Smith*. *See, e.g.*, *Winningkoff v. American Cyanamid*, 2000 U.S. Dist. LEXIS 2587 (E.D. La. 2000); *Prassa v. Travelers Ins. Co.*, 1987 U.S. Dist. LEXIS (D. Ariz. 1987); *Davis v. Time Ins. Co.*, 698 F. Supp. 1317, 1322 (S.D. Miss. 1988). But these cases do not change the fact that "[t]he majority of cases hold that a court decision in another case does not constitute 'other paper.'" *Black*, 2006 U.S. Dist. LEXIS 26212, *16.

[6]

*Doe*, which involved litigation against the American Red Cross, is factually distinguishable from the current case. The American Red Cross had been sued in state courts across the country by plaintiffs claiming they had contracted AIDS through contaminated blood transfusions caused by the organization's negligence. *Doe*, 14 F.3d at 197-98. The Red Cross remanded the actions, citing its charter. *Id.* The U.S. Supreme Court issued an order authorizing the Red Cross to remove "any state-law actions it is defending." *Id.* The Third Circuit held that the Supreme Court's order permitted the Red Cross to remove unrelated cases. *Id.*

Specifically, the Third Circuit in *Doe* held that a decision in a different case sufficiently related to the present case constitutes an "order" that triggers a 30-day §1446(b) removal period. *Doe*, 14 F.3d at 202-03. The specific test was that "the order in the case came from a court superior in the same judicial hierarchy, was directed at a particular defendant to remove an action against it in another case involving similar facts and legal issues." *Id.* Notably, this exception is limited to situations in which the same party is a defendant in both cases. Other courts have emphasized that requirement. *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 2677-68 (5th Cir. 2001).